**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES CLIFTON FOMBY, JR.,

   Petitioner - Appellant,

v.

JUSTIN JONES,

   Respondent - Appellee.

No. 12-6111
(D.C. No. 5:11-CV-01466-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**DENYING MOTION FOR LEAVE TO PROCEED**
**WITHOUT PREPAYMENT OF FEES,**
**AND DISMISSING APPEAL**

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Charles Fomby, Jr., an Oklahoma state prisoner proceeding pro se,[1] wants to appeal from the dismissal of his 28 U.S.C. § 2254 habeas petition. The district court dismissed his petition because: 1) it was barred by the one year statute of limitations; 2) Fomby had not established grounds for statutory tolling; and 3) he had not demonstrated entitlement to equitable tolling. We deny his request for a Certificate of Appealability (COA).

---

[1] We liberally construe Fomby's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## I.    CERTIFICATE OF APPEALABILITY

In his COA application and opening brief to this court, Fomby argues the merits of his petition but does not address the fundamental problem leading to the dismissal:  the statute of limitations.  "[A]rguments not briefed on appeal are waived."  *United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002).  And while we make "some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements," at the same time, we "cannot take on the responsibility of serving as the litigant's attorney."  *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks omitted).  Because the statute of limitations bars Fomby's habeas petition, we cannot consider the merits of his claims.

## II.    IN FORMA PAUPERIS

The district court determined Fomby's appeal was not taken in good faith and denied him leave to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*).  He renewed his request here.

To obtain a waiver of prepayment of fees, "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  An argument, like a complaint, "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (describing when a complaint is frivolous).  We have reviewed Fomby's filings and the district court record.  Because he has not

presented a reasoned, non-frivolous argument in support of the dispositive issue on appeal, we deny his motion to waive prepayment of fees.

We DENY the request for a COA and DISMISS this matter.

Fomby is responsible for full payment of all filing and docketing fees. Payment must be made to the Clerk of the District Court. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (recognizing dismissal of an appeal does not relieve appellant of the obligation to pay the filing and docket fees in full).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge